IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 7:13-CV-00067-BO

| | |
|---|---|
| MICHAEL WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONWIDE ASSURANCE CO., )<br>NATIONWIDE INSURANCE CO., )<br>NATIONWAIDE INSURANCE CO. OF )<br>AMERICA )<br>)<br>Defendants. ) | **ORDER** |

This matter is before the Court on defendants' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) [DE 4] and plaintiff's motion to remand to state court [DE 9]. For the reasons stated herein, this matter is REMANDED to state court and defendant's motion to dismiss is REMANDED with the body of this action.

## BACKGROUND

Plaintiff filed this action in New Hanover County Superior Court on March 8, 2013 alleging breach of contract, bad faith, and unfair and deceptive trade practices. Defendants filed a notice of removal on April 11, 2013 alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332 (2012). On April 18, 2013, defendants filed a motion to dismiss counts two and three of the complaint. On May 13, 2013, plaintiff filed an amended complaint in state court and attached the amended complaint to his motion to remand filed on May 29, 2013. The amended complaint states a claim for $55,000.

## DISCUSSION

Defendants cite several procedural deficiencies in plaintiff's motion to remand as grounds to deny that motion. Plaintiff did not abide by Local Civil Rule 7.1(d) by failing to include a memorandum in support of his motion to remand in the manner prescribed by Local Civil Rule 7.2(a). However, where remand is based on lack of subject matter jurisdiction, the Court may raise the issue *sua sponte*. *Ellenberg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). The procedural defects in plaintiff's motion to remand are of no consequence if this Court finds that it lacks subject matter jurisdiction, for jurisdiction goes to the very power of the Court to act. Under 28 U.S.C. § 1332, this Court has jurisdiction where the matter in controversy exceeds the sum or value of $75,000 exclusive of costs. Here, plaintiffs have clearly indicated that they are only seeking to recover $55,000 in costs. There is no reason to believe that the actual amount in controversy exceeds $55,000. Accordingly, plaintiff's motion to remand to state court is granted.

## CONCLUSION

For the foregoing reasons, this action is REMANDED to the Superior Court of New Hanover County, North Carolina. The defendant's motion to dismiss and any other pending motions are REMANDED with the body of this action.

SO ORDERED.

This the  9  day of October, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE